## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

## STATE OF LOUISIANA

NO.:                                                                             DIVISION

### LAURIE MARTIN

### VS.

### BYWATER BAYOU LIVING, LLC, GERARD MCGOVERN, GILBERTO RIVIERAS, ORLANDO WRIGHT, AND CNC CONSTRUCTION & AIR CONDITIONING, LLC

FILED:_____          _____
                                                                       **DEPUTY CLERK**

## **PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes Plaintiff Laurie Martin ("Martin"), a person of full age and majority, domiciled in St. Tammany Parish, who respectfully avers as follow:

1.

Made defendants herein are:

a) BYWATER BAYOU LIVING, LLC, which, upon information and belief, is a Louisiana limited liability company, owned and operated by Gerard McGovern, authorized to do and doing business in Orleans Parish.

b) GERARD MCGOVERN, who, upon information and belief, is a person of full age and majority residing in Orleans Parish.

c) GILBERTO RIVIERAS, who, upon information and belief, is a person of full age and majority residing in Orleans Parish.

d) ORLANDO "SKIP" WRIGHT, who, upon information and belief, is a person of full age and majority residing in Orleans Parish.

e) CNC CONSTRUCTION & AIR CONDITIONING, LLC, which, upon information and belief, is a Louisiana limited liability company authorized to do and doing business in Orleans Parish.

## JURISDICTION & VENUE

2.

Jurisdiction is proper in this Court pursuant to Louisiana Constitution Article V, §16. Venue is proper in this Court pursuant to Louisiana Code of Civil Procedure Articles 42, 73, 74, and 76.1.

## BACKGROUND

3.

In March 2017, Martin purchased a small home of just under 500 square feet (the "Tiny House"), with the intention of purchasing a plot of land in New Orleans, LA and placing the Tiny House on the lot. Martin planned on making improvements to the Tiny House and the purchased lot so that her daughter, Emily Martin, would have a home in New Orleans.

4.

In April 2017, Emily Martin contacted Gerard McGovern regarding purchasing a lot. McGovern and Rivieras drove Martin and her daughter Emily around New Orleans to show them their previous construction work and what they were capable of as home builders. McGovern and Rivieras made representations to Martin, on their own behalf and on behalf of Bywater Bayou Living, LLC ("Bywater"), that they were professional and experienced home builders.

5.

In early April 2017, Martin began negotiations with McGovern to purchase a lot on Washington Avenue in New Orleans (the "Washington Avenue Lot"). Emily Martin paid a deposit for purchase of the Washington Avenue Lot and plans for the construction were drawn and submitted to the City of New Orleans.

6.

After Martin, McGovern and Rivieras made several visits to the Washington Avenue Lot, Martin determined the space was inadequate for the Tiny House. McGovern and Rivieras then showed Martin and Emily Martin the lot at 1826 Sixth Street, New Orleans, LA 70115 (the "Sixth Street Lot").

2

7.

At the suggestion of McGovern and Rivieras, Martin purchased the Sixth Street Lot on May 19, 2017, from Bywater for $73,000. The Sixth Street Lot did not contain any improvements when it was purchased by Martin.

8.

Martin hired Bywater, McGovern, and Rivieras to perform construction work, including but not limited to, preparing the Sixth Street Lot for delivery of the Tiny House, constructing the foundation for the Tiny House, and constructing a foundation and camelback style addition (the "Addition") to the Tiny House.

9.

Mr. Orlando "Skip" Wright also became involved in the construction work on the Sixth Street Lot. Wright had previously worked with Bywater, McGovern, and Rivieras. (Bywater, McGovern, Rivieras, and Wright are hereinafter referred to as the "Bywater Defendants.")

10.

The Bywater Defendants began construction of the foundation for the Tiny House at the Sixth Street Lot in May 2017.

11.

In preparation for delivery of the Tiny House, Bywater obtained a permit on June 23, 2017 to relocate the Tiny House to the Sixth Street Lot. The permit did not allow for any additional construction to take place at the Sixth Street Lot. Nonetheless, the Bywater Defendants submitted construction documents to the City of New Orleans created by Clifton C. James, LLC, that detailed the construction plans for the Sixth Street Lot.

12.

Wright, on behalf of Bywater, hired a professional land surveying company to inspect the newly constructed foundation and complete the three certifications required by the City of New Orleans. The Bywater Defendants paid a portion of the invoice due to the surveyor, but did not pay the entire balance due.

13.

The professional land surveying company completed only one of the three required certification inspections because of the outstanding balance owed. The Bywater Defendants did not make Martin aware of this issue and continued to take money from Martin for the construction.

14.

Despite the lack of the necessary legal certification, the Bywater Defendants moved forward with construction. The Bywater Defendants did not construct the foundation for the Tiny House according to the construction documents submitted to the City of New Orleans, and cut corners by using less materials than required. Nor did the Bywater Defendants construct the foundation in accordance with the applicable building codes.

15.

The Tiny House was moved to the Sixth Street Lot on August 23, 2017.

16.

The Defendants continued to perform construction work on the Tiny House, including building the camelback style Addition at the rear of the Tiny House. The Bywater Defendants did not construct the pier foundation for the Addition as detailed in the construction documents submitted to the City of New Orleans. Nor did the Bywater Defendants apply for and obtain the required building permits to construct the Addition.

17.

Between May 2017 and October 2017 Martin paid McGovern, by personal checks, over $80,000 to perform the contracted construction work. Throughout this time the Bywater Defendants knowingly made multiple false representations to Martin that the construction project was moving forward and was being done in accordance with the applicable building codes.

18.

In addition, the Bywater Defendants knowingly misrepresented, among other things, the length of time certain projects would take, the date by which portions of construction would be completed, the work actually being done on the project, and that certain projects were complete.

4

19.

Subsequently, Martin became concerned that construction at the Sixth Street Lot was behind schedule and done incorrectly. Martin communicated with the Bywater Defendants regarding her concerns of poor workmanship and she was repeatedly reassured that all defects would be fixed and her daughter Emily would be able to move into the Tiny House in the near future. But by early 2018, after over six months of construction, the Tiny House and the Addition were still incomplete and the home was unlivable.

20.

In February 2018, Martin hired Gurtler Bros. Consultants, Inc. to perform an inspection and issue a report (the "Gurtler Report") on the Tiny House and the Addition. The Gurtler Report revealed many defects, including major structural defects in the home, and that much of the construction work performed by the Bywater Defendants was not legal under the applicable building codes.

21.

The Gurtler Report detailed numerous defects in the construction on the Sixth Street Lot, including but not limited to the following:

a) The building code was not followed with respect to the installation of the Tiny House foundation or the Addition foundation;

b) The roof framing system of the Addition was not constructed in accordance with building code;

c) Insulation was not installed in accordance with the building code;

d) Electrical wiring installation was not performed in accordance with the building code;

e) The plumbing system was not properly vented in accordance with the building code;

f) The windows were not properly flashed or installed;

g) The interior stairs were not constructed in accordance with the building code.

22.

On February 28, 2018, Martin notified the Bywater Defendants by certified mail of the defects listed in the Gurtler Report and gave the Bywater Defendants seven (7) days to provide Martin with a detailed plan and timeline to cure the deficiencies and complete the construction project at the Sixth Street Lot.

23.

Martin and the Bywater Defendants corresponded throughout March and April 2018 regarding the Bywater Defendants' plan to remedy the deficiencies at the Sixth Street Lot. The Bywater Defendants represented to Martin that they would review the processes for construction of the foundation, installation of siding, and construction of the roofing system. Martin allowed the Bywater Defendants adequate time to repair all deficiencies in the Gurtler Report.

24.

The Bywater Defendants contacted CNC Construction and Air Conditioning, LLC ("CNC") to serve as the general contractor to complete the project. The Bywater Defendants repeatedly assured Martin that the repairs would be made. Wright served as an intermediary between Martin and CNC.

25.

On May 22, 2018, Martin entered into a Construction Project Agreement with CNC ("CNC Contract"). The CNC Contract incorporated the Gurtler Report and CNC bound itself to complete the repairs referenced in the Gurtler Report. The CNC Contract specified that CNC would obtain the building permits in an expeditious manner, and that CNC shall achieve substantial completion of the contract not later than 75 days from the execution of the contract.

26.

CNC failed to expeditiously apply for or obtain any permit related to construction at the Sixth Street Lot.

27.

In late May 2018, Martin visited the Sixth Street Lot with the Bywater Defendants and a representative of CNC to inspect the Tiny House and the Addition and discuss the deficiencies that CNC bound itself to correct. The representative of CNC expressed concern regarding CNC's ability to perform the CNC Contract.

28.

In early July 2018, Martin contacted the Bywater Defendants regarding the status of construction at the Sixth Street Lot. Wright gave Martin conflicting information regarding when construction at the Sixth Street Lot would resume.

6

29.

On July 6, 2018, the Bywater Defendants knowingly misrepresented to Martin that portions of the plumbing work were complete. Neither the Bywater Defendants nor CNC obtained the proper permits for this work.

30.

In July 2018, Martin began working with yet another contractor to assess what would be needed to complete the construction at the Sixth Street Lot according to the applicable building codes. In late July 2018, the new contractor informed Martin that construction at the Sixth Street Lot was not permitted, had failed every inspection to date, and that certain future permits could not be obtained because of the Bywater Defendants' unpaid balance due to the professional land surveyor. In addition, the investigation revealed that proper pilings were not installed in connection with the foundation system for the Addition.

31.

Due to the Bywater Defendants' improper construction and poor workmanship at the Sixth Street Lot, and CNC's inability to correct these defects as contracted, the Tiny House and the Addition suffered actual physical damage, including but not limited to the following:

a) Separation of the Tiny House's front skirt panel from the side porch;

b) Water damage to the walls surrounding the improperly installed windows;

c) Lack of a permanent electrical supply;

d) Cracked and split wood sills under the Tiny House and the Addition;

e) Removal of the air conditioning unit from the Tiny House and failure to replace it;

f) Cracked siding;

g) Any other damages that may be shown at trial.

32.

Martin notified the Bywater Defendants about the defects in the Tiny House and the Addition numerous times orally and in writing, including via multiple certified letters on or around February 28, 2018, and included the Gurtler Report addressing defects in the construction.

7

33.

The Bywater Defendants' attempts to repair defects were in many instances incomplete or unsuccessful. And in many cases the Bywater Defendants refused to even attempt to repair the numerous defects. The defects in the Tiny House and the Addition remain, and Martin has suffered and continues to suffer damages as a result.

34.

The Bywater Defendants and CNC failed to complete the work it contracted to do within the specified time period. The Bywater Defendants' and CNC's breach of contract has exacerbated Martin's damage and will force Martin to hire yet another contractor to complete the work the Bywater Defendants and CNC were contractually obligated to do.

35.

The defects have affected the structural integrity of the Tiny House and the Addition and caused damage to load-bearing portions of the home, including but not limited to the foundation system and footings, walls, and structural support beams. This damage has rendered the Tiny House and the Addition unsafe, unsanitary, and/or otherwise unlivable.

36.

As a result of the defects, Martin suffered damages, including but not limited to costs to inspect and repair the damage to the Tiny House and the Addition, costs to replace materials taken from the Tiny House by the Bywater Defendants, loss of enjoyment of the home, mental anguish, embarrassment, inconvenience, aggravation, diminution of the value of the property, and loss of resale value of the property.

37.

The Bywater Defendants and CNC failed to complete construction on the Tiny House and the Addition.

**THE BYWATER DEFENDANTS' LIABILITY UNDER**

**THE NEW HOME WARRANTY ACT, La. R.S. 9:3141, et seq.**

38.

Martin re-alleges and re-avers the information contained within Paragraphs 1 – 37 of this Petition.

39.

The Louisiana legislature, intending to promote commerce within the State, provided clear, concise, and mandatory warranties for the purchasers and occupants of new homes or additions thereto in Louisiana, such as Martin, in order to protect the public against defects in the construction of new homes. This protection was enacted by the legislature in the New Home Warranty Act, La. R.S. 9:3141, et seq. (the "NHWA").

40.

The Bywater Defendants are a "builder," as defined in the NHWA.

41.

Martin is an "initial purchaser," as defined in the NHWA.

42.

Under the NHWA, every builder warrants to the owner that the home, or addition thereto, will be free from any defect due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards.

43.

The foundation for the Tiny House and the Addition are not free from defects due to noncompliance with the building standards or due to other defects in materials or workmanship not regulated by building standards.

44.

Martin has timely given notice of the defects to the Bywater Defendants as required under the NHWA.

45.

Following the notice given of the defects, the Bywater Defendants failed to avail themselves of the opportunity to comply with the provisions of the NHWA by adequately repairing or curing the multiple defects in the foundation of the Tiny House and the Addition.

46.

The defects have caused actual physical damage to the Tiny House and the Addition and have rendered the home safe, unsanitary, or otherwise unlivable.

47.

The Bywater Defendants are liable to Martin jointly, severally, and in solido, for breach of warranty under the NHWA, or otherwise at law for the damages they have caused.

48.

Under the NHWA, Martin is entitled to the damages she has incurred, including actual damages, attorneys' fees, and court costs, arising out of the violations.

**BREACH OF CONTRACT BY THE BYWATER DEFENDANTS**

49.

Martin re-alleges and re-avers the information contained within Paragraphs 1 – 48 of this Petition.

50.

Martin and the Bywater Defendants entered into a building contract for the construction of the foundation for the Tiny House, the remodel of the Tiny House, and construction of the Addition to the Tiny House.

51.

The foundation for the Tiny House and the Addition were not built in conformity with the contract, and the Bywater Defendants have failed to provide the home contracted for in accordance with the contract.

52.

The Bywater Defendants did not complete construction on the Tiny House and the Addition.

53.

The construction at the Sixth Street Lot by the Bywater Defendants was done with poor workmanship and the Bywater Defendants have failed to complete the home contracted for in accordance with the contract.

54.

Martin is entitled to recover damages for the Bywater Defendants' failure to perform the contract.

55.

The Bywater Defendants are jointly liable for the indivisible obligation they were bound to perform.

## BREACH OF CONTRACT BY CNC

56.

Martin re-alleges and re-avers the information contained within Paragraphs 1 – 55 of this Petition.

57.

Martin and CNC entered into a contract for the repair and completion of the Tiny House and the Addition. CNC agreed to obtain the appropriate permits from the City of New Orleans. CNC was obligated to complete the contract within the specified amount of time.

58.

CNC was obligated to complete the repairs detailed in the Gurtler Report, which was incorporated into the CNC Contract.

59.

CNC failed to complete the work they contracted to do. Nor did they obtain the permits for the construction work in an expeditious manner.

60.

Martin is entitled to recover for damages for CNC's failure to perform the contract.

## BREACH OF IMPLIED WARRANTY BY THE BYWATER DEFENDANTS

61.

Martin re-alleges and re-avers the information contained within Paragraphs 1 – 60 of this Petition.

62.

To the extent the NHWA is not applicable, the Bywater Defendants breached their duty of good and workmanlike performance under La. C.C. art. 2762 in connection with the structures described in this Petition.

63.

The Bywater Defendants' breach of implied warranty resulted in property damage and other damages to Martin.

64.

The Bywater Defendants are therefore liable to the Martin for damages resulting from said breach.

### NEGLIGENCE OF THE BYWATER DEFENDANTS AND CNC

65.

Martin re-alleges and re-avers the information contained within Paragraphs 1 – 64 of this Petition.

66.

The Bywater Defendants and CNC were negligent in that they failed to exercise due care in the performance of their duties. The Bywater Defendants and CNC's negligent conduct includes but is not limited to improper supervision, failure to obtain proper permits, improper construction of the foundation, improper construction and installation of the windows, improper construction of the stairs and the landing, and improper and failed attempt to repair the issues at the Sixth Street Lot. The negligence of the Bywater Defendants and CNC has cause Martin damage.

67.

The Bywater Defendants and CNC are liable to Martin for the damages to the Tiny House and the Addition caused by the defects detailed in this Petition and any other defects and damages that may be established at trial.

### FRAUD BY THE BYWATER DEFENDANTS

68.

Martin re-alleges and re-avers the information contained within Paragraphs 1 – 67 of this Petition.

69.

The Bywater Defendants hold themselves out as reliable and experienced home builders and made negligent and fraudulent misrepresentations to Martin that they were reliable and

experienced home builders providing quality homes in order to convince Martin to purchase the Sixth Street Lot and hire the Bywater Defendants to perform the discussed construction activities.

70.

The Bywater Defendants knowingly misrepresented to Martin that they had obtained the appropriate permits as required by law in building the foundation for the Tiny House, constructing the Addition, and supplying the home with an electrical source.

71.

The Bywater Defendants knowingly failed to perform the aforementioned construction work in accordance with applicable standards, the plans and specifications, and a reasonable duty of care and good workmanship. The Bywater Defendants cut corners in an effort to save time and money at the expense of innocent and unsuspecting homeowners like Martin.

72.

As a result of the Bywater Defendants' representations, Martin purchased the lot and paid the Bywater Defendants to construct the foundation for the Tiny Home and the Addition.

73.

Without such assurances regarding the Bywater Defendants' skill, reliability, and quality of the homes they built or the misrepresentations about the quality and progress of construction at the Sixth Street Lot, Martin would not have purchased the lot or contracted with the Bywater Defendants to perform the construction work and would not have continued to suffer from construction delays.

74.

Further, the Bywater Defendants knew of the defects in the foundation of the Tiny House and the Addition, because the defects were the result of their own actions, and they failed to disclose the defects to Martin. The Bywater Defendants, among other things, did not properly secure the foundation framing to the piers, used compressible wood shims underneath the Tiny House, and built the foundation system so that it does not match the framing details under the Tiny House.

75.

Martin could not have ascertained the truth about the Bywater Defendants without difficulty, inconvenience, or special skill.

76.

The Bywater Defendants' actions constitute fraud, which vitiates Martin's consent to enter into the agreement to purchase the Sixth Street Lot and the construction services of the Bywater Defendants.

77.

Martin is entitled to all damages resulting from the Bywater Defendants' fraud, including rescission of the contract to purchase and the construction contract, as well as return of the purchase price, damages for delay in construction, and attorneys' fees.

**UNFAIR TRADE PRACTICES BY THE BYWATER DEFENDANTS**

78.

Martin re-alleges and re-avers the information contained within Paragraphs 1 – 77 of this Petition.

79.

Louisiana's Unfair Trade Practices Act, La. R.S. § 51.1409(A), ("LUTPA") allows any person who suffers "any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment of an unfair or deceptive method, act, or practice declared unlawful by R.S. § 51:1405" to bring an action to recover actual damages.

80.

Martin is a "consumer" within the meaning of LUTPA.

81.

The Bywater Defendants engaged in "trade" or "commerce" within the meaning of LUTPA.

82.

At all times relevant to this Petition, the Bywater Defendants used deceptive methods and practices in obtaining and conducting business by making false and misleading statements, and material omissions in their written and oral communications with Martin.

83.

The Bywater Defendants knew at the time of making the oral and written statements and material omissions that they were untrue, false, or misleading, and therefore likely to truly deceive Martin.

84.

As a direct result of the foregoing acts and deceptive practices, the Bywater Defendants have received income and other benefits which they would not have received if they had not engaged in the violations of LUTPA as described.

85.

As a direct result of the unfair and deceptive practices knowingly used by the Bywater Defendants, Martin has incurred and will continue to incur costs which she would not have otherwise incurred if the Bywater Defendants had not engaged in violations of LUTPA as described.

86.

Martin is entitled to recover damages, together with attorney's fees, and costs, pursuant to LUTPA, La. Rev. Stat. 51:1401 *et seq.*

**DAMAGES**

87.

Martin has suffered the anguish and embarrassment of having contracted with developers and builders who represented that they were reputable and experienced, only to learn that the Tiny House and the Addition she purchased contain numerous defects that already have caused her, and will continue to cause her, great inconvenience, aggravation, anguish, and expense to repair.

88.

Martin has also spent significant time and expense having the Tiny House and the Addition inspected and repaired due to the Bywater Defendants' and CNC's breaches of warranty, obligations, and duties.

15

89.

As a result of the allegations above, Martin has suffered significant damages and is entitled to damages, including, but not limited to:

a) cost of inspections and repair and/or replacement necessary to cure the defects within and associated with the Tiny House and the Addition;

b) damages for delay in construction;

c) diminution of the value of her property;

d) loss of resale value of her property;

e) emotional distress;

f) mental anguish;

g) inconvenience;

h) aggravation;

i) embarrassment;

j) damage to her real property;

k) damage to her personal property;

l) loss of enjoyment of her property;

m) rescission of the contract to purchase the property and perform construction;

n) return of all amounts paid under the contract;

o) attorneys' fees;

p) costs of litigation;

q) interest on all awards; and

r) any other general damages recoverable under Louisiana law.

90.

Plaintiff requests a trial by jury on all issues raised herein.

WHEREFORE, plaintiff prays that there be Judgment herein in favor of the plaintiff, LAURIE MARTIN and against the defendants, BYWATER BAYOU LIVING, LLC, GERARD MCGOVERN, GILBERTO RIVIERAS, ORLANDO "SKIP" WRIGHT, and CNC CONSTRUCTION & AIR CONDITIONING, LLC jointly, severally, and/or in solido, for all damages to which the plaintiff is entitled to recover for the reasons set forth herein, together with

legal interest thereon from the date of judicial demand until paid, for payment of all costs and expenses, including reasonable attorneys' fees, and for all other general and equitable relief.

Respectfully submitted,

*/s/ R. Scarafia*

Daniel Lichtl, T.A. (#26385)
Jane A. Jackson (#33197)
Rachel M. Scarafia (#36664)
KELLY HART PITRE
400 Poydras Street, Suite 1812
New Orleans, LA 70130
Telephone: (504) 522-1812
Fax: (504) 522-1813
Daniel.Lichtl@kellyhart.com
Jane.Jackson@kellyhart.com
Rachel.Scarafia@kellyhart.com

Attorneys for Laurie Martin

SHERIFF, PLEASE SERVE PETITION FOR DAMAGES:

BYWATER BAYOU LIVING, LLC
Through its registered agent: Gerard McGovern
2718 State Street
New Orleans, LA 70118

GERARD MCGOVERN
27 Audubon Blvd.
New Orleans, LA 70118

GILBERTO RIVIERAS
931/933 State Street
New Orleans, LA 70118

ORLANDO WRIGHT
800 N. Olympia Street
Suite C
New Orleans, LA 70119

CNC AIR CONDITIONING & CONSTRUCTION, LLC
Through its registered agent: Curtis Nguyen
3204 Laurel Street
New Orleans, LA 70115